**FLYNN LAW**
BY: ALFRED J. FALCIONE, ESQUIRE
2000 Academy Drive / Suite 200
Mount Laurel, New Jersey 08054
(856) 669-6100
Attorney for the Plaintiff
AJF#6762

| | |
|---|---|
| SANDRA POPA ESTRADA : | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
| Plaintiff(s) : | |
| : | CIVIL ACTION |
| vs. : | |
| BEAU REILLY, MCHALES LLC and/or : PERFECT AIR ACQUISITIONS LLC and/or JOHN DOE OWNER #1-5 (fictitious name), : jointly, severally and/or in the alternative | |
| : | |
| Defendant(s) : | |

**COMPLAINT AND JURY DEMAND**

**I.    NATURE OF THE ACTION**

1.  This is a civil action for damages arising from a motor vehicle collision that took place in Falls Township, County of Bucks, Commonwealth of Pennsylvania and was caused by the negligent and careless conduct of Defendant, Beau Reilly, while acting within the course and scope of his employment and/or agency with Defendant, McHales LLC and/or Perfect Air Acquisitions LLC and/or John Doe Owner #1-5 (fictitious name).

**II.    JURISDICTION AND VENUE**

2.  This court has subject jurisdiction pursuant to 28 U.S.C § 1332 as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizen of

different states.

3.  Venue is proper pursuant to 28 U.S.C § 1391 because the events giving rise to this action occurred within this District.

## III.    PARTIES

4.  Plaintiff, Sandra Popa Estrada, is a citizen of the State of New Jersey and resides at 141 Mott Street, Trenton, New Jersey.

5.  Defendant, Beau Reilly is a citizen of the Commonwealth of Pennsylvania and resides at 622 Saxony Drive, Fairless Hills, Pennsylvania.

6.  Defendants, McHales LLC and Perfect Air Acquisitions LLC's registered office and principal place of business is located in Levittown, Commonwealth of Pennsylvania.

## IV.  FACTUAL ALLEGATIONS

7.  On or about July 30, 2024, plaintiff, Sandra Popa Estrada, was traveling southbound on Olds Boulevard at the intersection with Hood Boulevard in Falls Township, County of Bucks, Commonwealth of Pennsylvania.

8.  At the time and place aforesaid, defendant, Beau Reilly, was the operator of a motor vehicle owned by defendant, McHales LLC and/or Perfect Air Acquisitions LLC and/or John Doe Owner #1-5 (fictitious name), which vehicle was traveling westbound on Hood Boulevard at the intersection with Olds Boulevard in Falls Township, County of Bucks, Commonwealth of Pennsylvania, and failed to stop at the red light striking plaintiff's vehicle.

9.  At the time and place aforesaid, defendant, Beau Reilly was acting within the course and scope of his employment and/or agency with Defendant, McHales LLC and/or Perfect Air Acquisitions LLC and/or John Doe Owner #1-5 (fictitious name), and operated its motor

vehicle in such a careless and negligent manner as to cause a collision to occur with plaintiff.

10.    As the result of the negligence and carelessness on the part of the defendant(s), plaintiff, Sandra Popa Estrada, was caused to sustain severe personal injuries, has been and in the future will be caused to undergo great pain and suffering, has been and in the future will be prevented from pursuing her usual duties and occupation and has been and in the future will be caused to expend large sums of money for medical care and attention in and about endeavoring to cure herself of her said injuries.

## COUNT I – NEGLIGENCE (AGAINST DRIVER DEFENDANT)

11.    Plaintiff incorporates paragraphs 1-10.

12.    Defendant Beau Reilly owed a duty to operate his vehicle in a safe and reasonable manner.

13.    Defendant breached that duty by, inter alia:

a. Failing to maintain proper lookout;

b. Operating at an excessive speed;

c. Failing to maintain control of the vehicle;

d. Failing to stop at a red light;

e. Violating applicable provisions of the Pennsylvania Motor Vehicle Code;

f. Driving while distracted and/or inattentive.

14.    Defendant's negligence was a direct and proximate cause of Plaintiff's injuries.

## COUNT II - VICARIOUS LIABILITY (McHales LLC and/or Perfect Air Acquisitions LLC and/or John Doe Owner #1-5 (fictitious name)

15. Plaintiff incorporates paragraph 1-14.

16. Defendant Beau Reilly was acting within the course and scope of employment and was acting as an agent, servant and/or employee of Defendant McHales LLC and/or Perfect Air Acquisitions LLC and/or John Doe Owner #1-5 (fictitious name).

17. Defendant McHales LLC and/or Perfect Air Acquisitions LLC and/or John Doe Owner #1-5 (fictitious name) are vicariously liable under the doctrine of respondeat superior.

## COUNT III – CORPORATE NEGLIGENCE (McHales LLC and/or Perfect Air Acquisitions LLC and/or John Doe Owner #1-5 (fictitious name)

18. Plaintiff incorporates paragraph 1-17.

19. Defendant McHales LLC and/or Perfect Air Acquisitions LLC and/or John Doe Owner #1-5 (fictitious name) owed a duty to properly hire, train, supervise and retain competent drivers.

20. Defendant McHales LLC and/or Perfect Air Acquisitions LLC and/or John Doe Owner #1-5 (fictitious name) breached its duties by:

    a. Failing to properly screen and hire qualified drivers;

    b. Failing to train Defendant Beau Reilly;

    c. Failing to supervise and monitor driver's conduct;

    d. Allowing unsafe driving practices;

    e. Failing to enforce safety policies.

21. These failures were a direct and proximate cause of Plaintiff's injuries.

## COUNT V - DAMAGES

22. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has in the past and will in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and will in the future be hindered from attending to her daily duties, functions, avocations and occupations all to Plaintiff's great damage and loss.

WHEREFORE, plaintiff, Sandra Popa Estrada, demands judgment against the defendants, Beau Reilly and/or McHales LLC and/or Perfect Air Acquisitions LLC and/or John Doe Owner #1-5 (fictitious name), jointly, severally and/or in the alternative, for such sums as would reasonably and properly compensate her in accordance with the laws of the Commonwealth of Pennsylvania, together with damages, counsel fees, interest and costs of suit.

**PLAINTIFF(S) HEREBY DEMANDS A TRIAL BY JURY.**

**FLYNN & ASSOCIATES, P.C.**

BY:_____

ALFRED J. FALCIONE, ESQUIRE

DATED: 4/30/26

## CERTIFICATION

ALFRED J. FALCIONE, ESQUIRE, hereby certified that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and that there are no additional known parties who should be joined to the present action at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## NOTICE PURSUANT TO F.R.C.P. RULE 5 AND 31 (C)

PLEASE TAKE NOTICE that the undersigned attorney hereby demands that each party herein serving pleadings and/or interrogatories and/or receiving papers thereto serve copies of all such pleadings and answered interrogatories received from any party upon the undersigned and TAKE FURTHER NOTICE THAT THIS IS A CONTINUING DEMAND.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to F.R.C.P. 26(b) (2), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy judgment.

If so, attach a copy of each policy or agreement, or in the alternative state, under oath or certification: (a) policy number; (b) name and address if insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons/entities covered; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

**FLYNN & ASSOCIATES, P.C.**

BY:_____

ALFRED J. FALCIONE, ESQUIRE

DATED:
4/30/26